IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT EARL BREEDEN,

     Plaintiff,

v.                                                                            No. 18cv21 JCH/GJF

ANTHONY WAYNE BAILEY, and
RACHEL LOGAN,

     Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND
## DISMISSING THIS CASE WITHOUT PREJUDICE

**THIS MATTER** comes before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed January 9, 2018 ("Application"), and on Plaintiff's Civil Complaint Under Title 42 U.S. Code § 1983, Doc. 1, filed January 9, 2018 ("Complaint"). For the reasons set forth below, the Court will **GRANT** Plaintiff's Application and **DISMISS** this case **without prejudice.**

**Application to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in

light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit declaring that he is unable to pay the costs of these proceedings and provided the following information: (i) his average monthly income during the past 12 months was $2,118.00 and his expected income next month is $1,059.00; (ii) his average monthly expenses are $1,430.00; (iii) he and his spouse do not have any cash and have $350.00 in bank accounts; and (iv) his only assets are two vehicles. The Court finds that Plaintiff is unable to pay the filing fee because he and his spouse have no cash and only $350.00 in bank accounts, and because his monthly expenses exceed his expected income next month.

**Dismissal of Proceedings *In Forma Pauperis***

Defendant Bailey is a judge in Juvenile and Domestic Relations District Court in Page County, Virginia. *See* Complaint at 2. Defendant Bailey issued a capias/detainer for Plaintiff's failure to pay child support and to appear. Plaintiff, who resides in New Mexico, was stopped by local police who investigated the detainer by contacting Defendant Logan, who is an Assistant Page County Attorney. Defendant Logan stated that her office declined to have Plaintiff extradited on the grounds that "it was not the interest of Virginia to extradite for a non Criminal issue." Complaint at 2. Plaintiff asserts that Defendants violated his Constitutional rights by

refusing to file and hear Plaintiff's motion to dismiss the capias. The only relief Plaintiff seeks is that the "detainer be withdrawn and redacted from the system." Complaint at 3.

The Court has obtained a copy of the Recall of Process in Plaintiff's case in Juvenile and Domestic Relations District Court in Page County, Virginia. *See* Attachment 1. The Recall of Process, signed by Defendant Bailey and dated January 10, 2018, commands the Page County Sheriff's Office "to return, without further attempt to serve" the capias entered in Plaintiff's case in Juvenile and Domestic Relations District Court in Page County, Virginia.

Because the Juvenile and Domestic Relations District Court in Page County, Virginia, has recalled the capias, the Court will dismiss this case without prejudice as moot.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). Rule 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and Complaint on Defendants because it is dismissing this case.

**IT IS ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed January 9, 2018, is **GRANTED.**

**IT IS ALSO ORDERED** that this case is **DISMISSED without prejudice.**

_____
**UNITED STATES DISTRICT JUDG**